## Case No. 16,536.

UNITED STATES v. TRACY et al.

[8 Ben. 1.] 1

District Court, S. D. New York. Jan., 1875.

JOINT AND SEVERAL BOND—DEATH OF AN OBLIGOR —INSOLVENCY—EXECUTORS—PARTIES— PLEADING—STATE PRACTICE.

1. Suit on a joint and several bond may be brought against the executors of a deceased obligor, together with the surviving obligors.
[Cited in Albany & Rensselaer Co. v. Lundberg, 121 U. S. 454, 7 Sup. Ct. 960.]

2. The rule as to showing the insolvency of the surviving obligors, before a suit can be maintained against the representatives of a deceased obligor, has no application to a case of several liability.

3. The state practice is applicable to suits at law in this court.
[Cited in Albany & Rensselaer Co. v. Lundberg, 121 U. S. 454, 7 Sup. Ct. 960.]

This was a suit at common law. The declaration averred the making of a bond by four obligors, a breach of the bond, the death of one of the obligors and the due appointment and qualification of the two defendants [Edward H. Tracy and another] herein named, as his executors, subsequent to the breach. The remaining obligors and the executors were made defendants. The executors demurred on the ground that they

---

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

were not liable jointly with their co-defendants, and that the declaration did not show that the surviving obligors were insolvent, as a reason for joining the executors with the survivors, as defendants.

E. H. Smith, Asst. U. S. Dist. Atty.

C. Tracy, for defendants.

BLATCHFORD, District Judge. The demurrer in this case must be overruled, with leave to the defendants demurring to answer, on payment of costs. The bond is a joint and several bond, and not a joint bond only. The testator of the executors died, as the declaration alleges, after the breach set forth. It is proper, under the state practice, now applicable to a suit at law in this court, to sue in one suit all the parties severally liable on the bond, to enforce the several liability of each. The executors are liable on the bond, if their testator was liable. He was liable, at the time of his death, on the facts set forth in the declaration. The suit is substantially a several suit as to the executors. If a joint suit in form it is not such in substance. A several judgment can be had in it, for or against the executors, in like manner as if the suit were against the executors alone. The form of the suit does not convert a several liability into a joint liability, or a joint and several liability into one wholly joint. As the liability of the testator attached in his lifetime, his death did not discharge it, and his executors are liable to respond for it, in this form of suit. The suit is, to all intents, a suit against all the obligors in the bond. The rule, in regard to showing the insolvency of the surviving obligors, before a suit can be maintained against the representatives of a deceased obligor, has no application to a case of several liability.